**UNITED STATES DISTRICT COURT**
**THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| ELIZABETH CARDONA and JERARD BROWN,<br><br>        Plaintiffs,<br><br>  v.<br><br>VIVINT SOLAR, INC.,<br>VIVINT SOLAR DEVELOPER, LLC, and<br>SOLAR MOSAIC, INC.,<br><br>        Defendants. | Civil Action No. |

**UNITED STATES DISTRICT COURT**
**THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| ELIZABETH CARDONA and JERARD BROWN,<br><br>        Plaintiffs,<br><br>  v.<br><br>VIVINT SOLAR, INC.,<br>VIVINT SOLAR DEVELOPER, LLC, and<br>SOLAR MOSAIC, INC.,<br><br>        Defendants. | Civil Action No. 18-cv-02838-SCB-JSS |

**DEFENDANTS' MOTION TO QUASH OR MODIFY SUBPOENA AND INCORPORATED MEMORANDUM OF LAW**

1

## INTRODUCTION

Defendants Vivint Solar, Inc., Vivint Solar Developer, LLC, and Solar Mosaic, Inc., ("Defendants") pursuant to Rule 45 hereby move to quash or modify the subpoena (the "Subpoena") served by Plaintiffs Elizabeth Cardona and Jerard Brown (collectively "Plaintiffs"). The Subpoena is an improper attempt to compel nonparty Equifax, Inc. ("Equifax") to produce documents that exceed the scope of the Discovery Order entered in the underlying action, *Cardona, et. al. v. Vivint Solar, Inc., et al.*, No. 18-cv-02838-SCB-JSS (M.D. Fla. filed Nov. 19, 2018) (the "Underlying Action"). A true and correct copy of the Subpoena is attached hereto as **Exhibit A**. Plaintiffs' should not be able to circumvent the Discovery Order entered by the Honorable Julie S. Sneed in the Underlying Action by subpoenaing non-parties for information and documents that far exceed the scope of discovery permitted among the actual parties to the Underlying Action and are largely irrelevant to the issue to be tried.

For the foregoing reasons, the Subpoena should be quashed or modified.

## PROCEDURAL HISTORY AND FACTUAL BACKGROUND

Plaintiffs commenced this action on October 15, 2018, in the United States District Court, Middle District of Florida, under Docket Number 18-cv-02838-SCB-JSS, alleging that Defendants violated the federal Fair Credit Reporting Act

("FCRA") by pulling their credit without permission.  *See* Compl., Dkt. No. 1-2. Plaintiffs initially propounded discovery on Defendants seeking production of, *inter alia*, similar consumer claims of improper credit pulls without any geographic or time limitation.  Defendants objected because the requests were not relevant or proportional to the needs of a single plaintiff's FCRA claim when the allegations amount to a "he said, she said" dispute.[1]  Further, mere allegations of improper credit pulls do not mean that a violation actually occurred.  Finally, it is undisputed that neither Defendants Solar Mosaic, Vivint Solar Inc., nor Vivint Solar Developer, LLC, made the credit inquiries at issue, making discovery into other complaints against those defendants wholly irrelevant.

By Order dated July 23, 2019, the Honorable Julie S. Sneed denied Plaintiffs' motions to compel and limited discovery to claims of improper credit pulls made against Defendants (i) by consumers from Florida, and (ii) for complaints alleging FCRA violations during 2016 and 2017 (the "Discovery Order").  *See* Dkt. No. 34, also attached as **Exhibit B.**

---

[1] While there are two Plaintiffs in the action, each Plaintiff has asserted individual claims.

Notwithstanding the Discovery Order, on August 29, 2019, Plaintiffs served Equifax with the Subpoena seeking, *inter alia*, information "reflecting the allegation that [Defendants] accessed a consumer's credit report without authorization . . . [or] a permissible purpose." *See* Exhibit A. The Subpoena also improperly seeks information "related to any review or investigation whether [Defendants] were] . . . obtaining consumer credit reports without authorization or a permissible purpose." *Id.*

Indeed, the Subpoena to Equifax is a flagrant attempt to circumvent the Discovery Order. Specifically, paragraphs 12 through 14 in the subpoena *duces tecum*,[2] as well as paragraphs 12 through 14 in the subpoena *ad testificandum*,[3] seek documents and testimony regarding:

- "[T]he allegation that [Defendants] accessed a consumer's credit report without authorization."

- "[T]he allegation that [Defendants] . . . accessed a consumer's credit report without a permissible purpose."

- "[A]ny review or investigation conducted by [Equifax] into whether [Defendants] was obtaining consumer credit reports without authorization or a permissible purpose."

---

[2]   *See* Exhibit A, p. 3, ¶¶ 12, 13, and 14.

[3]   *See* Exhibit A, p. 5, ¶¶ 12, 13, and 14.

4

These topics are intentionally broad, and are not limited geographically to Florida nor temporally limited to complaints during 2016 and 2017, as ordered by the Honorable Julie S. Sneed. This information is also sensitive because disclosure would require the release of sensitive consumers' personal identifiable information.

The Subpoena demands production of the documents on September 16, 2019, and testimony on September 23, 2019. *Id*. at 1. To be clear, Defendants do not object to those requests, which pertain specifically to each Plaintiff (*i.e.*, Request Nos. 4–11 and the corresponding Deposition Topic Nos. 4–11). Nor do Defendants object to those requests which relate to their subscriber agreements with Equifax (*i.e.*, Request Nos. 1–3 and the corresponding Deposition Topic Nos. 1–3), as the Honorable Julie S. Sneed ordered Defendants to produce the same.

For the foregoing reasons, Defendants hereby move to quash or modify the Subpoena.

**ARGUMENT AND CITATION TO AUTHORITY**

    **1.    Defendants Have Standing to Move to Quash or Modify the Subpoena**

The Eleventh Circuit has adopted a broad rule holding that "standing [to quash a third-party subpoena] exists if the party alleges a personal right or privilege with respect to the subpoena." *Auto-Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 428 (M.D. Fla. 2005) (quoting *Brown v. Braddick*, 595 F.2d 961, 967

5

(5th Cir. 1979)); *see also Florida ex rel. Butterworth v. Jones Chems., Inc.*, 1993 U.S. Dist. LEXIS 10348, 1993 WL 388645 *2 (M.D. Fla. 1993).

Although Defendants are third-parties to the Subpoena, every paragraph in the Subpoena requests documents and testimony about Defendants.  Moreover, the Subpoena seeks documents and testimony outside the parameters of discovery defined in the underlying action by the Middle District of Florida.  "[A] party has standing to move to [quash a non-party subpoena] to enforce the Court's orders and rules."  *Auto-Owners Ins. Co.,* 231 F.R.D. at 428; *see also Cent. Bank of Tampa v. Transamerica Ins. Grp.*, 128 F.R.D. 285 (M.D. Fla. 1989) (granting defendant's motion to quash and for a protective order as to subpoena directed to non-party that did not comply with Fed. R. Civ. P. 26).

The parameters set forth by Magistrate Judge Sneed were clear—Plaintiffs are only entitled to discovery about similar claims against Defendants of improper credit pulls in Florida for the years 2016 and 2017.  But the Subpoena seeks documents and testimony about alleged improper credit pulls on a nationwide basis without any restriction as to time.  Plaintiffs are intentionally defying Judge Sneed's Discovery Order.  Moreover, Plaintiffs seek sensitive consumer information, and compliance with the Subpoena would require the release of personal identifiable information, like:  social security numbers, driver's license numbers, passport numbers, and bank

6

and credit/debit card numbers. Plaintiffs admits in their own complaint that consumer report data includes a "trove of sensitive personal and private information . . . such as his birth date, credit history profile, pay histories, employer information and the like." *See* Dkt. No. 1, ¶ 41. Yet Plaintiffs now demand that Equifax produce to them this same information about other consumers across the nation.

Because the Subpoena seeks documents and information outside the discovery parameters ordered by Judge Sneed and requires disclosure of sensitive consumer information, Defendants have a personal right with respect to the Subpoena and, therefore have standing as a third party to move to quash or modify the Subpoena served upon Equifax.

  **2. The Subpoena Improperly Attempts to Seek Disclosure Materials Outside the Scope of Permissible Discovery as well as Sensitive Consumer and Company Information.**

Rule 45(d)(3)(A)(iii) provides that a subpoena must be quashed or modified when it requires disclosure of privileged or other protected matter. *See* Fed R. Civ. Pro. 45(d)(3)(A)(iii). The provision in Rule 45 requiring quashing or modification of a subpoena that calls for disclosure of "other protected" materials refers to testimony or production that, although not privileged, is nevertheless protected from compelled disclosure. *See Moore's Federal Practice* § 45.51[3] (3d ed. 2017).

Here, the Subpoena improperly seeks information outside of the parameters and scope of permissible information set forth in Judge Sneed's Discovery Order—sensitive consumer information for individuals who are not parties to this litigation, and other overly broad and irrelevant topics.  Thus, these portions of the Subpoena should be quashed or modified as disclosure of this information and documentation is harmful to Defendants.  Defendants anticipate Plaintiffs will cite to a recent decision from this Court involving a different case brought by their attorney against Vivint Solar Developer, LLC, only, also under the FCRA to support their quest for unfiltered discovery from Equifax.  *See Christine Droney, et al., v. Vivint Solar*, No. 1:19-cv-02735-WMR-RGV (N.D. Ga.) ("*Droney*").  There are two crucial distinctions between the Underlying Action and *Droney*.  The credit inquiries at issue in the Underlying Action were not made by Vivint Solar Developer, LLC. They were made by Solar Mosaic, Inc.  In addition, the discovery order entered by the underlying court in *Droney* regarding the issue raised here—scope of permissible discovery regarding allegations of improper credit pulls—was much broader than that permitted by the Discovery Order in the Underlying Action.[4]

---

[4]  The *Droney* Court permitted discovery on this issue from six states.  The Discovery Order in the Underlying Action is much narrower.

Additionally, courts have routinely quashed and modified subpoenas when the information and documentation demanded in a subpoena conflicts with a prior discovery order. *See Trans Energy, Inc. v. EQT Prod. Co.*, Civil Action No. 5:13CV93, 2016 U.S. Dist. LEXIS 10530 (N.D. W. Va. Jan. 29, 2016) (the court quashed the subpoena because it sought discovery outside of the parameters established in the prior discovery order); *see also Zoltek Corp. v. United States*, 104 Fed. Cl. 647 (2012) (the court modified the subpoena to conform with the parameters set forth in the prior discovery order).[5]  The Subpoena issued in this case is in direct conflict with Judge Sneed's prior Discovery Order.  Judge Sneed ordered that Plaintiffs were only entitled to "any prior complaint from Florida, in 2016 and 2017," that alleges the Defendants violated the FCRA by obtaining a consumer's credit report without authorization. *See* Exhibit B.  Plaintiffs now seek to avoid that Order by issuing the Subpoena.

Compliance with paragraphs 12 through 14 in the Subpoena *duces tecum* as well as paragraphs 12 through 14 in the Subpoena *ad testificandum* will result in (1) discovery being produced that is outside of Judge Sneed's Discovery Order; and (2)

---

[5]  It is axiomatic that a court will permit broader discovery obligations on on-parties than those discovery obligations on actual parties to the litigation.

9

the release of nonparties' sensitive consumer information. Thus, the Subpoena should be quashed in its entirety or modified to comply with the Discovery Order.

## **CONCLUSION**

Plaintiffs' Subpoena to Equifax does not comply with Federal Rule of Civil Procedure 45 because it requires disclosure of protected matter in violation of Rule 45(d)(3)(A)(iii) and requires disclosure of sensitive consumer information. Accordingly, Defendants respectfully request that the Court quash the Subpoena, or modify the requests to comply with Judge Sneed's Discovery Order.

Dated: September 12, 2019          Respectfully Submitted,

                                           */s/ William H. Rooks*
                                           William H. Rooks
                                           Georgia Bar No. 906785
                                           BALLARD SPAHR LLP
                                           999 Peachtree Street, Suite 1000
                                           Atlanta, Georgia  30309
                                           Telephone: (678) 420-9492
                                           Facsimile: (678) 420-9301
                                           rooksw@ballardspahr.com

                                           *Attorney for Defendants*
                                           *Vivint Solar, Inc., Vivint Solar*
                                           *Developer, LLC, and Solar Mosaic,*
                                           *Inc.*

## **CERTIFICATION OF COMPLIANCE WITH L.R. 5.1B**

I hereby certify that the foregoing has been computer processed with 14 point Times New Roman Font in compliance with the United States District Court for the Northern District of Georgia Local Rule 5.1B.

Dated: September 12, 2019	Respectfully Submitted,

*/s/ William H. Rooks*
William H. Rooks
Georgia Bar No. 906785
BALLARD SPAHR LLP
999 Peachtree Street, Suite 1000
Atlanta, Georgia  30309
Telephone: (678) 420-9492
Facsimile: (678) 420-9301
rooksw@ballardspahr.com

*Attorney for Defendants*
*Vivint Solar, Inc., Vivint Solar*
*Developer, LLC, and Solar Mosaic,*
*Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 12, 2019, I served a copy of the foregoing document with the Clerk of Court and all parties of record using the CM/ECF system, e-mail, and U.S. Mail.

Dated: September 12, 2019　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　*/s/ William H. Rooks*
　　　　　　　　　　　　　　　　　William H. Rooks
　　　　　　　　　　　　　　　　　Georgia Bar No. 906785
　　　　　　　　　　　　　　　　　BALLARD SPAHR LLP
　　　　　　　　　　　　　　　　　999 Peachtree Street, Suite 1000
　　　　　　　　　　　　　　　　　Atlanta, Georgia  30309
　　　　　　　　　　　　　　　　　Telephone: (678) 420-9492
　　　　　　　　　　　　　　　　　Facsimile: (678) 420-9301
　　　　　　　　　　　　　　　　　rooksw@ballardspahr.com

　　　　　　　　　　　　　　　　　*Attorney for Defendants*
　　　　　　　　　　　　　　　　　*Vivint Solar, Inc., Vivint Solar*
　　　　　　　　　　　　　　　　　*Developer, LLC, and Solar Mosaic,*
　　　　　　　　　　　　　　　　　*Inc.*