# Exhibit A

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| ELIZABETH CARDONA and | : | |
| JERARD BROWN, | : | |
| Plaintiffs, | : | |
| v. | : | CASE NO: |
| | : | |
| VIVINT SOLAR, INC., | : | |
| VIVINT SOLAR DEVELOPER, LLC, and | : | |
| SOLAR MOSAIC, INC., | : | |
| Defendants. | : | |

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | | |
|---|---|---|
| ELIZABETH CARDONA and | : | |
| JERARD BROWN, | : | |
| Plaintiffs, | : | |
| v. | : | CASE NO.:   18-cv-02838-SCB-JSS |
| | : | |
| VIVINT SOLAR, INC., | : | |
| VIVINT SOLAR DEVELOPER, LLC, and | : | |
| SOLAR MOSAIC, INC., | : | |
| Defendants. | : | |

## SUBPOENA FOR DEPOSITION AND PRODUCTION OF DOCUMENTS TO EQUIFAX INFORMATION SERVICES, LLC

TO:     Equifax Information Services, LLC
        c/o Custodian of Records
        1550 Peachtree Street, NW
        Atlanta, GA 30309

Pursuant to F.R.Civ.P. 45, you are directed to appear for deposition and to produce such documents as are in your possession, custody or control at the time and place below stated in connection with the within matter.

**Document Production Time Date and Place – Monday, September 16, 2019, at 9:30 a.m., at the offices of SKAAR & FEAGLE, LLP, 133 Mirramont Lake Drive, Woodstock, GA 30189.**

**AND PRODUCE THE FOLLOWING DOCUMENTS:**

1.      Your subscriber agreement, user agreement, data agreement, or similar agreement with Vivint Solar, Inc. governing Vivint Solar, Inc.'s ability to obtain consumer credit data from you.

2.      Your subscriber agreement, user agreement, data agreement, or similar agreement with Vivint Solar Developer, LLC governing Vivint Solar Developer, LLC's ability to obtain consumer credit data from you.

3.      Your subscriber agreement, user agreement, data agreement, or similar agreement with Solar Mosaic, Inc. governing Solar Mosaic, Inc.'s ability to obtain consumer credit data from you.

4.      Documents reflecting what, if any, permissible purpose Vivint Solar, Inc., Vivint Solar Developer, LLC, or Solar Mosaic, Inc. represented to you that allowed it to obtain the credit report of Elizabeth Cardona on January 23, 2017.

5.      Documents reflecting what, if any, permissible purpose Vivint Solar, Inc., Vivint Solar Developer, LLC, or Solar Mosaic, Inc. represented to you that allowed it to obtain the credit report of Jerard Brown on September 26, 2017.

6.      The credit profile of Elizabeth Cardona for January 23, 2017.

7.      The credit profile of Jerard Brown for September 26, 2017.

8.      Any authorization in your possession for release of Elizabeth Cardona's credit information to Vivint Solar, Inc., Vivint Solar Developer, LLC, or Solar Mosaic, Inc..

9.      Any authorization in your possession for release of Jerard Brown's credit information to Vivint Solar, Inc., Vivint Solar Developer, LLC, or Solar Mosaic, Inc..

10.     Any correspondence from Vivint Solar, Inc., Vivint Solar Developer, LLC, or Solar Mosaic, Inc. to you mentioning Elizabeth Cardona.

11.     Any correspondence from Vivint Solar, Inc., Vivint Solar Developer, LLC, or Solar Mosaic, Inc. to you mentioning Jerard Brown.

12.     Any documents in your possession reflecting the allegation that Vivint Solar, Inc., Vivint Solar Developer, LLC, or Solar Mosaic, Inc. accessed a consumer's credit report without authorization.

13.     Any documents in your possession reflecting the allegation that Vivint Solar, Inc., Vivint Solar Developer, LLC, or Solar Mosaic, Inc. accessed a consumer's credit report without a permissible purpose.

14.     Any and all documents in your custody, control or possession relating to any review or investigation conducted by you into whether Vivint Solar, Inc., Vivint Solar Developer, LLC, or Solar Mosaic, Inc. was obtaining consumer credit reports without authorization or a permissible purpose.

**Deposition Time Date and Place** – **Monday, September 23, 2019, at 9:30 a.m., at the offices of SKAAR & FEAGLE, LLP, 133 Mirramont Lake Drive, Woodstock, GA 30189.**

Pursuant to F.R.Civ.P. 30(b), you are to designate one or more officers, agents or employees, knowledgeable to testify concerning:

1.     Your subscriber agreement, user agreement, data agreement, or similar agreement with Vivint Solar, Inc. governing Vivint Solar, Inc.'s ability to obtain consumer credit data from you.

2.      Your subscriber agreement, user agreement, data agreement, or similar agreement with Vivint Solar Developer, LLC governing Vivint Solar Developer, LLC's ability to obtain consumer credit data from you.

3.      Your subscriber agreement, user agreement, data agreement, or similar agreement with Solar Mosaic, Inc. governing Solar Mosaic, Inc.'s ability to obtain consumer credit data from you.

4.      What, if any, permissible purpose Vivint Solar, Inc., Vivint Solar Developer, LLC, or Solar Mosaic, Inc. represented to you that allowed it to obtain the credit report of Elizabeth Cardona on January 23, 2017.  (See Ex. "A" hereto, listing inquiry).

5.      What, if any, permissible purpose Vivint Solar, Inc., Vivint Solar Developer, LLC, or Solar Mosaic, Inc. represented to you that allowed it to obtain the credit report of Jerard Brown on September 26, 2017.  (See Ex. "A" hereto, listing inquiry).

6.      The credit profile of Elizabeth Cardona for January 23, 2017.

7.      The credit profile of Jerard Brown for September 26, 2017.

8.      Any authorization in your possession for release of Elizabeth Cardona's credit information to Vivint Solar, Inc., Vivint Solar Developer, LLC, or Solar Mosaic, Inc.

9.      Any authorization in your possession for release of Jerard Brown's credit information to Vivint Solar, Inc., Vivint Solar Developer, LLC, or Solar Mosaic, Inc.

10.     Any correspondence from Vivint Solar, Inc., Vivint Solar Developer, LLC, or Solar Mosaic, Inc. to you mentioning Elizabeth Cardona.

11.     Any correspondence from Vivint Solar, Inc., Vivint Solar Developer, LLC, or Solar Mosaic, Inc. to you mentioning Jerard Brown.

12.     Any review or investigation whether Vivint Solar, Inc., Vivint Solar Developer, LLC, or Solar Mosaic, Inc. was obtaining consumer credit reports without authorization or a permissible purpose.

13.     Your review and/or investigation of the business procedures/practices of Vivint Solar, Inc., Vivint Solar Developer, LLC, or Solar Mosaic, Inc.

14.     The location, custodian and contents of the documents (including electronically stored documents) requested in this Subpoena.

---

(a)     Protection of Persons Subject to Subpoenas.

(1)     A party or any attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing under burden or expense on a person subject to that subpoena.  The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty and appropriate sanctions, which may include, but it not limited to, lost earnings and a reasonable attorney's fee.

(2)(A)  A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)     Subject to paragraph (d)(2) of this rule, a personal commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.  If objection is made, the party serving the subpoena shall not be entitled to inspection and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production.  Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A)  On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
          (i)     fails to allow reasonable time for compliance;
          (ii)    requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly

transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

        (iii)     requires disclosure of privileged or other protected mater and no exception or waiver applies, or

        (iv)     subjects a person to undue burden.

    (B)     If a subpoena

        (i)     requires disclosure of a trade secret or other confidential research, development or commercial information, or

        (ii)     requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

        (iii)     requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

    (b)     Duties in Responding to Subpoena

    (1)     A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

    (2)     When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications or things not produced that is sufficient to enable the demanding party to contest the claim.

Date:  <u>August 29, 2019</u>                *s/Andrew M. Milz*
                                            CARY L. FLITTER
                                            ANDREW M. MILZ
                                            JODY T. LÓPEZ-JACOBS
                                          *Attorneys for Plaintiff*

                                            **FLITTER MILZ, P.C.**
                                            1814 East Route 70, Ste 350
                                            Cherry Hill, NJ 08003